## WILLIAM D. SNOW *vs.* HENRY M. FOSTER.

### Somerset. Opinion December 22, 1887.

*Insolvent law. Discharge. Promissory note. Payment.*

An action on a promissory note, dated subsequent to the passage of the insolvent law, is barred by a discharge in insolvency, though it was given to take up another note dated prior to the enactment of that law, when there is nothing in the case to rebut the presumption that the old note was paid by the new note.

That presumption is made conclusive by endorsing the new note to a third party in whose name the action is brought.

ON report.

The opinion states the case and material facts.

*Danforth and Gould*, for plaintiff.

The substitution of one simple contract for another is not payment ; the same debt continues in a different form. *Frink v. Branch*, 16 Conn. 275.

" Payment is the transfer of money from one person to another." Rapalja and Lawrence, Law Dict. Vol. 2. "Payment."

The taking of this note acted to carry forward the day of payment and ought not to deprive the holder of the note of his remedy, for if the holder's right to maintain this action was taken away by the debtor's obtaining a discharge in insolvency under an insolvent law passed after the debt was contracted, it would be contrary to the federal constitution,— it would impair the obligation of the contract. Constitution of U. S. Art. 1, § 10.

The courts of this state have already held that " the general doctrine is that the taking of a note is to be regarded as payment only when the security of the creditor is not thereby impaired." *Paine* v. *Dwinel*, 53 Maine, 54.

In *Ross* v. *Tozier*, 78 Maine, 312, it is decided that a judgment founded upon a contract existing at the time of the passage of the insolvent law is not barred by a discharge under said law.

This case seems to us to be similar and that the law in this case should be the same, for here we have a note existing in August, 1876, prior to the passage of the insolvent law ; instead of its passing into a judgment and putting the defendant to needless costs and vexation, a new note is given January 18, 1880, to carry forward the time of payment of said debt. The amount for which the new note is given is arrived at by the same process as though we were ascertaining the amount for which judgment should be rendered ; the one act or the other prolongs the life of the debt.

*Walton and Walton*, for the defendant, cited : The old note is paid. *Strang* v. *Hirst*, 61 Maine, 14 ; *Paine* v. *Dwinel*, 53 Maine, 52 ; *Thacher* v. *Dinsmore*, 5 Mass. 299 ; *Melledge* v. *Boston Iron Co*. 5 Cush. 169 ; Parsons, Notes and Bills, (2d ed.) 161, 162 ; *Coburn* v. *Kerswell*, 35 Maine, 126.

Note dated since the enactment of the insolvency law is barred. *Rindge* v. *Breck*, 10 Cush.43 ; *Wyman* v. *Fabens*, 111 Mass. 77 ; *Ross* v. *Tozier*, 78 Maine, 312, not in point.

DANFORTH, J. This is an action upon a negotiable promissory note payable to William B. Snow, administrator, and by him, as the case shows, indorsed and delivered to the plaintiff.

The defence is a discharge in insolvency which is admitted to

have been duly obtained. To this it is replied that the note in suit was given in renewal of a prior note bearing date before the passage of the insolvent law, and is not, therefore, affected by the discharge. The note in suit comes within the provisions of the law ; the prior one does not. Which is to prevail ? It is evident that if the prior note was discharged by the later, the defence is made out.

It is now too well settled in this state, that taking a negotiable note in consideration of an existing debt is a presumptive payment of that debt, to require the citation of authorities. This presumption may be rebutted ; for the parties may make such a contract in regard to it as they see fit. In this case the facts agreed upon show nothing tending to rebut that presumption. There was no collateral security for the first note. That had only the personal liability of the defendant ; the last note had the same. The existence of the insolvent law would not affect any security, whatever influence it might have upon the note. On the other hand, the facts tend strongly to confirm the presumption. When the new note was given the old one was delivered to the maker, which, unexplained, must be considered a cancellation of it. But farther, and if possible more conclusive than this, the payee has indorsed and delivered the last note to the . plaintiff, thus treating it as a distinct and subsisting contract. The two cannot stand together as separate contracts. The parties have treated the first as discharged, and the last as the only one in force. The plaintiff certainly can have no claim for exemption from the insolvent law. He shows no connection with the prior debt. His rights began with the purchase of the note in suit, and he can only claim such rights as that gives him. His contract was made under the insolvent law and must be subject to its provisions.

*Judgment for defendant.*

PETERS, C. J., WALTON, VIRGIN, EMERY and FOSTER, JJ., concurred.